IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC | ) <br> ) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | ) Civil Action No.: 1:23-cv-01563-MSN/LRV <br> ) |
| THE PARTNERSHIPS, COMPANIES, and UNCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A. | ) <br> ) <br> ) <br> ) |
| *Defendants.* | ) <br> ) |

**OPPOSITION OF JD720 LLC TO PLAINTIFF'S MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER AND REQUEST TO DISSOLVE TRO**

Defendant JD720 LLC, identified as Defendant No. 5 on Schedule A to Plaintiff's complaint ("JD720"), hereby opposes Plaintiff's motion for extension of the temporary restraining order based on the following.

JD720 markets and sells whiskey smoker products under the brand Whiskey Underground. Declaration of Joel Dann ("Dann Decl."), ¶ 3. JD720 is a U.S. based company formed in Florida and with its principal operations in Westminster, Colorado. *Id.*, ¶ 6. JD720 sells products through Amazon under the seller name 7Twenty using Amazon ASIN B0B64BTB88 and Merchant ID A14OJ1VF3YPY83. *Id.*, ¶ 3. JD720 is identified as Defendant No. 5 on Schedule A to Plaintiff's complaint. *Id.,* ¶ 4; ECF 1-2 at 2.

Shortly after receiving notice that its Amazon account had been frozen, JD720 engaged the undersigned counsel. Dann Decl., ¶ 5. On Monday, December 11, the undersigned counsel called Ken Sheets, counsel for Plaintiff, to discuss a potential resolution on behalf of JD720 and other clients. Declaration of Cecil Key ("Key Decl."), ¶ 3. Mr. Sheets did not answer and counsel left

a voicemail.  After receiving no response, the undersigned counsel sent an email to Mr. Sheets the next day, Tuesday, December 12, informing him that JD720 was represented by counsel and that it is a U.S. entity.  *Id*., ¶ 4, Ex. A.  Neither Mr. Sheets nor anyone acting on behalf of Plaintiff have responded.  *Id*., ¶ 5.

The TRO cannot be sustained against JD720 for the following reasons.

Plaintiff's TRO is based on the assertion of a U.S. patent.  Venue for patent infringement cases is only appropriate where a defendant is headquartered or has a substantial place of business.  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 268-69 (2017).  JD720 has no place of business, employees, accounts or business operations in Virginia.  Dann Decl., ¶ 6.  Venue in this Court is therefore improper.

Furthermore, joinder is inappropriate in this case.  Accused infringers can be joined to a single suit only if any claim arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.  35 U.S.C. § 299(a)(1).  Therefore, different defendants with different products cannot be joined to the same suit based solely on the fact that they have been accused of infringing the same patent.  That statutorily prohibited result is what Plaintiff is seeking here.

The sole patent on which Plaintiff bases its claims, U.S. Patent 11,744,256 (the "Asserted Patent"), claims a device with a "conduit portion" through which smoke passes into a container via the "channel space," the interior of the "conduit portion."  *See* ECF 1-3, Col. 6:26-32.  The claims require "at least one aperture that extends from the channel space through a wall of the conduit portion."  *Id*.  JD720's Whiskey Underground device has no apertures through the conduit

2

wall.  The smoke exits through an open floor in the conduit.  The marked difference between the claimed device and JD720's actual product is illustrated in the following comparison:

 

**Asserted Patent, Fig. 7 (ECF 1-3)**          **JD720 Device (Dann Decl., ¶ 8)**

This demonstrates at least a substantial question that Plaintiff can prevail on the merits of its claims, which is of itself sufficient to defeat a TRO request.  *Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 20 (2008).

      Plaintiff's assertions regarding the need for the TRO are based on concerns that foreign defendants will transfer money out of their Amazon accounts to countries where the funds may be beyond Plaintiff's reach.  ECF 30 at 3; ECF 14 at 2; ECF 3 at 21.  Here, this doesn't apply because JD720 is a U.S. based company.  For U.S. based defendants like JD720, Plaintiff has agreed to dissolve the TRO and continue the lawsuit.  Moreover, JD720 has no intention of transferring funds out of its U.S. accounts. Dann Decl., ¶ 10.  Plaintiff's concerns therefore are not applicable to JD720.

      Moreover, contrary to its representations, Plaintiff has made no efforts to resolve this matter with JD720.  JD720 was never contacted and has not been served with the complaint.  *Id.*, ¶ 7.  Plaintiff also has not responded to JD720's efforts to discuss resolution after the TRO was

entered. Key Decl., ¶¶ 3-5. There dire situation that Plaintiff alleges to justify its TRO simply doesn't exist as to JD720.

JD720 is a U.S. based defendant. It has identified itself to Plaintiff but has been ignored while its funds are being held hostage for a case in which this Court is not the proper venue and joinder is improper. This is causing financial stress to its business. JD720 has lost an estimated $50,000 in sales because Amazon will not allow sales to continue while the TRO is in place. Dann Decl., ¶ 11. Its Best Seller Rating on Amazon has also been damaged and this has the potential to cause continuing harm if the TRO remains in place. *Id*. It is also being deprived of access to funds needed for its ongoing business operations. Meanwhile, Plaintiff has demonstrated through its conceded actions that the concerns for U.S. defendants does not rise to the level of irreparable harm.

Thus, the equities do not favor Plaintiff. The TRO must therefore be dissolved and not continued for that additional reason. *Winter*, 555 U.S. at 20.

A proposed order is submitted herewith.

Date: December 14, 2023                                          Respectfully submitted,

*/s/ Cecil E. Key*
Cecil E. Key
VA Bar No. 41018
KEY IP LAW GROUP, PLLC
1934 Old Gallows Road, Suite 350
Vienna, VA 22182
Phone: (703) 752-6276
Fax:    (703) 752-6201
Email: cecil@keyiplaw.com

## CERTIFICATE OF SERVICE

I certify that on December 14, 2023, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and separately served a copy via email on Defendant's counsel of record using the email addresses provided in the CM/ECF system.

*/s/ Cecil E. Key*
Cecil E. Key
