IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Civil Action No.: 1:23-cv-01563-MSN/LRV |
| THE PARTNERSHIPS, COMPANIES, and UNCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A. | ) ) ) ) ) |
| *Defendants.* | ) ) |

**OPPOSITION OF HOME WET BAR LLC TO PLAINTIFF'S MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER AND REQUEST TO DISSOLVE TRO**

Defendant Home Wet Bar LLC, identified as Defendant No. 99 and 100 on Schedule A to Plaintiff's complaint ("HWB"), hereby opposes Plaintiff's motion for extension of the temporary restraining order based on the following.

HWB markets and sells whiskey smoker products under the brands "Halo" and "Black Diamond." Declaration of Keith Winter ("Winter Decl.), ¶ 3. HWB is a U.S. based company headquartered in Oklahoma City, Oklahoma. *Id.*, ¶ 6. It has 40 regular employees and 90 seasonal employees. *Id.,* ¶ 10.

HWB sells products through Amazon under the seller name HomeWetBar Gifts, using Amazon ASINs BOCDMGSQBG and BOCKHM65K4, and Amazon Merchant ID A39KJABNXR68CO. *Id.*, ¶ 3. HWB is identified as Defendant No. 99 and 100 on Schedule A to Plaintiff's complaint. *Id.*, ¶ 4; ECF 1-2 at 3. HWB sells over 1000 products in addition to the

whiskey smoker products through the same accounts. Winter Decl., ¶ 11. Thus, the amount frozen by Amazon is not limited to sales of accused products. *Id*.

Shortly after receiving notice that its Amazon account had been frozen, HWB engaged the undersigned counsel. *Id*., ¶ 5. On Monday, December 11, the next business day after being engaged, the undersigned counsel called Ken Sheets, counsel for Plaintiff, to discuss a potential resolution on behalf of HWB and other clients. Declaration of Cecil Key ("Key Decl."), ¶ 3. Mr. Sheets did not answer and counsel left a voicemail. After receiving no response, the undersigned counsel sent an email to Mr. Sheets the next day, Tuesday, December 12, informing him that HWB was represented by counsel and that it is a U.S. entity. *Id*., ¶ 4, Ex. A. Neither Mr. Sheets nor anyone acting on behalf of Plaintiff have responded. *Id*., ¶ 5.

The TRO cannot be sustained against HWB for the following reasons.

Plaintiff's TRO is based on the assertion of a U.S. patent. Venue for patent infringement cases is only appropriate where a defendant is headquartered or has a substantial place of business. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 268-69 (2017). HWB has no place of business, employees, accounts or business operations in Virginia. Winter Decl., ¶ 6. Venue in this Court is therefore improper.

Furthermore, joinder is inappropriate in this case. Accused infringers can be joined to a single suit only if any claim arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process. 35 U.S.C. § 299(a)(1). Therefore, different defendants with different products cannot be joined to the same suit based solely on the fact that they have been accused of infringing the same patent. That statutorily prohibited result is what Plaintiff is seeking here.

Moreover, the TRO Plaintiff has obtained and wishes to continue is overbroad. It captures funds from sales of products that are not accused and unrelated to the accused products. *Id*, ¶ 11. Plaintiff cannot obtain relief for patent infringement based on noninfringing products and it is improper for it to do so, as it has here.

Plaintiff's TRO is based solely on the analysis of a product that is not HWB's. Plaintiff's sole patent analysis is a product sold by "Defendant Doe#143." ECF 3 at 19. HWB is Defendant 99 and 100. Plaintiff has made no attempt to demonstrate how its patent reads on HWB's product. *See* Winter Decl., ¶ 9. And contrary to its representations in its motion to extend the TRO (*see* ECF at 3), it has made no efforts to discuss the matter with HWB, a domestic entity that has identified itself through its counsel to Plaintiff. Winter Decl., ¶¶ 7-8.

Plaintiff's assertions regarding the need for the TRO are based on concerns that foreign defendants will transfer money out of their Amazon accounts to countries where the funds may be beyond Plaintiff's reach. ECF 30 at 3; ECF 14 at 2; ECF 3 at 21. Here, this doesn't apply because HWB is a U.S. based company. For U.S. based defendants like HWB, Plaintiff has agreed to dissolve the TRO and continue the lawsuit. In this case, HWB is known to Plaintiff as a result of good faith interactions Plaintiff had with HWB about Plaintiff's design claims regarding HWB's whiskey smoker products just a year ago. *Id*., ¶ 8. Plaintiff's attempt to paint HWB as a fly-by-night operation who cannot be trusted is entirely unwarranted and its "hold up" practice does not justify a TRO, let alone the extension it seeks.

HWB is an established, reputable U.S. based business. Winter Decl., ¶ 10. It has identified itself to Plaintiff but has been ignored while its funds are being held hostage for a case in which this Court is not the proper venue and joinder is improper. This is causing financial stress to HWB's business. The funds that Amazon has frozen are for all products that HWB sells, not just

the whiskey smoker for which sales are only a small portion of the total business HWB does through the frozen account. *Id.*, ¶ 11. HWB has employees whose livelihood is being jeopardized while the funds are frozen during a busy selling season. HWB's seller status is also being negatively impacted for all its products, including those not at issue, on Amazon, which constitutes a substantial portion of HWB's revenue. *Id.*, ¶ 12.

The harm Plaintiff has caused and wants to continue to cause HWB is substantial and entirely avoidalbe had it only contacted HWB as it had done in the past. Meanwhile, Plaintiff has demonstrated through its conceded actions that the concerns for U.S. defendants does not rise to the level of irreparable harm. Thus, the equities do not favor Plaintiff. The TRO must therefore be dissolved and not continued for that additional reason.

A proposed order is submitted herewith.

Date: December 14, 2023                                   Respectfully submitted,


                                                          */s/ Cecil E. Key*
                                                          Cecil E. Key
                                                          VA Bar No. 41018
                                                          KEY IP LAW GROUP, PLLC
                                                          1934 Old Gallows Road, Suite 350
                                                          Vienna, VA 22182
                                                          Phone: (703) 752-6276
                                                          Fax:    (703) 752-6201
                                                          Email: cecil@keyiplaw.com

4

## CERTIFICATE OF SERVICE

      I certify that on December 14, 2023, I electronically transmitted the foregoing document and related filings using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and separately served a copy via email on Defendant's counsel of record using the email addresses provided in the CM/ECF system.

                                                                      */s/ Cecil E. Key*
                                                                      Cecil E. Key