**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| THOUSAND OAKS BARREL CO., LLC )<br>    *Plaintiff*, )<br>)<br>)<br>)<br>    v. )<br>)<br>THE PARTNERSHIPS, COMPANIES, and )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A, )<br>    *Defendants*. )<br>) | **Civil Action No.: 1:23-cv-01563-(MSN/LRV)** |

**PLAINTIFF'S MEMO IN SUPPORT OF *EX PARTE* MOTION FOR
ENTRY OF PRELIMINARY INJUNCTION SCHEDULING ORDER AND
RESPONSE TO THE COURT'S ORDER TO EXTENT TEMPORARY
RESTRAINING ORDER**

Pursuant to the Court's December 15, 2023 Order [ECF 20] Plaintiff Thousand Oaks

Barrel Co. ("Thousand Oaks" or "Plaintiff") hereby files this supporting memorandum to address

the Court's 4 substantive issues in its December 15, 2023 Order [ECF 20].  These issues are

addressed by Plaintiff in the order presented in the December 15, 2023 Order.

**1.**        <u>The date upon which Plaintiff served its limited discovery request on Amazon.com</u>

Plaintiff served a copies of this Court's TRO Orders on Amazon on December 1, 2023 at

3:50PM, 2 hours after the TRO's were issued.  Two and ½ hours later, Plaintiff served limited

discovery upon Amazon.com on December 1, 2023 by electronic mail.  Exhibit A contains

Plaintiff's letter requesting discovery from Amazon.com and the two e-mails.

**2.    Whether Plaintiff has a good-faith basis to believe that it could demonstrate that each Defendant is selling products that are infringing its '256 Patent.**

Plaintiff had a good-faith basis for alleging infringement of the '256 Utility Patent by each and every accused product. Plaintiff has created infringement charts for each Defendant that demonstrate infringement of claim 1 of the '256 Patent. Plaintiff will file separate charts for all defendants in connection with the motion for the preliminary injunction.

The accused products come in one of three different structural configurations. Each configuration includes all of the claimed elements: a base with a fuel chamber, a conduit an upper wall and a floor, where the conduit has a channel and an aperture in a wall of the chamber.

Configuration 1, holes in the side wall of the conduit, is identical in structure to Figure 5C of the patent in suit:



Configuration 2, one hole in the bottom wall of the conduit, is as illustrated in below:



Configuration 3, multiple holes in the bottom wall of the conduit:



Exhibits B-G attached hereto illustrates the correspondence of the claim elements with the features of each of the three configurations.

3. **Whether joinder of Defendants is appropriate in this case**.

Continued joinder is not appropriate in this matter, as not all accused infringers sell the same product, however, consolidation until trial is appropriate for efficiency, after separation form joinder. Plaintiff proposes that the Court wait for twenty one days to separate defendants , as Plaintiff anticipates that the number of defendants remaining in the case will be significantly reduced by that time due to settlements, dismissal and transfers. Each time a defendant has indicated that jurisdiction or venue is not proper in Virginia, Plaintiff has immediately agreed to a transfer or dismissal.

On the whole, the Defendants in this case do not sell the same infringing products. There are three general configurations from a utility patent perspective and a number of different configurations from a design patent perspective. At this stage of the case it is impossible to tell which products come from the same manufacturer, which are copies of one manufacturer's product by others manufacturers and which are being sold by the same defendant from more than one web store. At this stage it is also not possible to determine which defendants are related entities or independent. It is common for one entity to operate more than one web store on Amazon and when such multi-store defendants are known, they are appropriate for joinder.

4. **Whether venue is proper as to each Defendant in this case**.

Venue is proper as to all of the foreign defendants, which are the majority of the named defendants, as venue lies in any jurisdiction.

As Defendants identify as domestic companies without a place of business in a different

district, Plaintiff is releasing the individual defendants from the TRO and agreeing to transfer to

a different district or remain in Virginia if the Defendant so consents to jurisdiction.

**CONCLUSION**

Plaintiff's proposed briefing schedule for a Preliminary Injunction is set forth separately

as attached to Plaintiff' Motion for Scheduling.  Plaintiff has proposed filing its opening brief on

Thursday, December 21 and having opposing briefs filed on Wednesday December 27 with a

hearing to be conducted on December 29.   Plaintiff has proposed this expedited schedule

because Plaintiff is requesting that the TRO set to expire on December 20, be extended until the

PI hearing and intended to provide a opportunity to each defendant to have the TRO lifted as

soon as possible if any defendant can support non-infringement.

December 19, 2023

<div style="margin-left: 50%;">

Respectfully submitted,
WHITESTONE LAW PLLC
by Counsel

__/s/__ Kendal M. Sheets
By:  Ken Sheets
Virginia bar number 44537\
Joseph J. Zito (*pro hac vice*)
WHITESTONE LAW
1850 Towers Crescent Plaza, #550
Tysons, Virginia 22182
Phone: 703-489-8937
Fax: (703) 890-9418
ksheets@whitestone.law
jzito@whitestone.law

*Attorneys for Plaintiff*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2023, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of

record in this case.


Date: December 19, 2023

Respectfully submitted,
WHITESTONE LAW PLLC
by Counsel

__/s/__Kendal M. Sheets
By:  Ken Sheets
Virginia bar number 44537
Joseph J. Zito (pro hac vice)
WHITESTONE LAW
1850 Towers Crescent Plaza, #550
Tysons, Virginia 22182
Phone: 703-489-8937
Fax: (703) 890-9418
ksheets@whitestone.law
jzito@whitestone.law

Attorneys for Plaintiff