IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC, a Virginia limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS, COMPANIES, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No. 1:23-cv-01563-MSN-LRV |

**DEFENDANT GWSK'S MEMORANDUM OF LAW IN SUPPORT OF GWSK'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), (4) & (5)**

Defendant Guizhou Wei Shi Ke Ji You Xian Gong Si ("GWSK") dba Kovize (Defendant No. 59 on Schedule A to the Complaint) submits this Memorandum of Law in Support of its Motion to Dismiss Pursuant to Rule 12(b)(2), (4) & (5) (the "Motion").

**I.    INTRODUCTION**

One simple and undeniable fact dictates that this Motion should be granted.  Plaintiff has never served GWSK—*or any other Defendant*—with a summons, and therefore this Court does not have personal jurisdiction over GWSK.  Plaintiff's effort to skirt its obligations under the Federal Rules of Civil Procedure and to deny proper notice and due process to GWSK should accordingly be rejected.

Plaintiff filed its Complaint on November 16 and its initial motion for TRO on November 21, based on one "exemplary" product. (Compl., ECF No. 1, ¶ 28 & Exh. B; *see also* TRO Mem., ECF No. 3, pp. 13-17.) There were no specific allegations about GWSK's product in either the

Complaint or Plaintiff's TRO motion. (*See* ECF Nos. 1, 3.) Yet based on Plaintiff's representations, the Court granted Plaintiff's TRO motion on December 1, causing GWSK's account with Amazon.com to be frozen. (ECF No. 14.) In the Court's TRO, the Court also ordered that the "Plaintiff may serve the complaint upon Defendants using the email addresses determined during the course of limited discovery." (*See* ECF No. 14 at 3.) That order merely indicated *how* service of process could be made on each defendant but did not eliminate the need *to serve process*—that is, to serve *the summons and complaint*—on each defendant, as required by Rule 4(c)(1) ("A summons must be served with a copy of the complaint.").

Apparently pursuant to this aspect of the TRO, Plaintiff's counsel sent an email to Mr. Jiaxin Hu of GWSK on December 14, 2023 (China Standard Time) to which was attached a copy of the TRO, the Complaint, and the attachments to the Complaint. (*See* Declaration of Brian N. Platt in Support of GWSK's Motion to Dismiss Pursuant to Rule 12(b)(2), (4) & (5), ("Platt Decl.") at ¶ 5, Ex. 2.). No other documents were attached to this email. (*Id*. at ¶ 6.)

Importantly, at no time was an actual summons ever served upon GWSK, properly or improperly. In fact, as far as GWSK can tell from the docket and the Plaintiff's actions in this matter, the Plaintiff has made no attempt to "present a summons to the clerk for signature and seal" as required by Rule 4(b), let alone serve such a summons upon GWSK, or, for that matter, any other defendant.[1]

---

[1] Plaintiff states that it has "**served the complaint and TRO Order** via Email to defendants on the Amazon.com spreadsheet who have not yet reached out to contact Plaintiff. All remaining defendants for which Amazon.com has provided contact information have been served." (*See* ECF No. 30-1 at ¶ 10 (emphasis added).) Notably, Plaintiff does not indicate that a summons was served on any defendant. (*See generally*, ECF No. 30-1 at ¶ 11 and referenced attachment (showing that none of the defendants had been served with a summons as of December 14, 2023).)

Nevertheless, Plaintiff contends that it properly served GWSK. When challenged by GWSK regarding the insufficiency of service, Plaintiff's counsel cited the Court's TRO and stated:

> Regarding GWSK, the Court in the attached order allowed us to serve the complaint by email that was provided to us as a result of limited discovery from Amazon. Thus, service was effective as of December 13 via email. **A summons is therefore not necessary**.

(Platt Decl. at ¶ 3, Ex. 1 (emphasis added).)[2] Plaintiff is incorrect. The Court's TRO did not, and cannot, relieve Plaintiff of its duty to abide by Rule 4(c)(1) of the Federal Rules of Civil Procedure which explicitly require a summons in order for the Court to have personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")

That this should be the case is highlighted by the alleged "service" email that was sent to GWSK by Plaintiff, the sum total of which consisted of:

> Please see the attached complaint, temporary restraining order, and attachments. You are defendant number: 59 in Civil Action No.: 1:23-cv-01563 for a patent infringement case. If you would like to settle this case, we are prepared to offer you a Licensing Agreement. Please let us know if you are interested.

(Platt Decl. at ¶ 5, Ex. 2.) Even if this email and its attachments could, hypothetically, be considered to substitute for an actual summons under the Rules, which it cannot, it falls woefully short of the due process requirements necessary to make the proxy summons proper. As the Federal Rules make clear, in order to be proper and comport with due process, a summons must, amongst

---

[2] According to Plaintiff, the 21-day clock by which GWSK needed to file a responsive pleading to the Complaint started on December 13, 2023, making this Motion to Dismiss necessary. (*See* Platt Decl. at ¶ 3, Ex. 1.) GWSK's counsel disputed this argument on January 2, 2023 and offered to further meet and confer with Plaintiff before filing the present Motion. (*See id*. at ¶ 4.) However, GWSK's counsel did not hear back from Plaintiff's counsel prior to the filing of the present Motion. (*See id*.)

3

other things, "state the time within which the defendant must appear and defend" and "notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint." *See* Fed. R. Civ. P. 4(a)(1)(D)-(E).  Plaintiff's email provides none of this required information and does nothing to provide GWSK notice of its rights.

For the reasons set forth herein, GWSK respectfully requests that the Complaint be dismissed as against GWSK.[3]

## II.     THE COURT SHOULD DISMISS THE CASE AS TO DEFENDANT GWSK

There is no dispute, indeed the Plaintiff admits, that an actual summons in accordance with Federal Rule of Civil Procedure 4 was never served on GWSK.  As a result, this Motion should be granted pursuant to Federal Rule of Civil Procedure 12(b)(2), (4) & (5).

### A.     The Court Does Not Have Personal Jurisdiction with Respect to GWSK or Any Other Defendant and the Case Should Be Dismissed Pursuant to F.R.C.P. 12(b)(2)

"The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. . . . It represents a restriction on judicial power, not as a matter of sovereignty, but as a matter of individual liberty." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U. S. 694, 456 U. S. 702 (1982).  Pursuant to Rule 12(b)(2), a complaint should be dismissed as to any defendant for which the Court has not established personal jurisdiction. *See Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against non-resident defendant because the court lacked personal jurisdiction where plaintiff failed to effectively serve defendant).

---

[3] To the extent Plaintiff argues that it still has time to properly effect service under the Rules, in spite of the fact that it has already insisted that service has already been made, and the Court considers such argument, then GWSK requests that the Court treat this motion in the alternative, as one to quash the attempted service of process.

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U. S. 438, 444-45 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. As set forth above, no summons was ever served upon GWSK by the Plaintiff. As a result, the Court does not have personal jurisdiction over GWSK and the Motion to Dismiss should accordingly be granted. *Omni Capital Int'l,* 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")

      **B.**    **The Case Should be Dismissed Because the Plaintiff Did Not Even Attempt to Have a Proper Summons Served as Required by F.R.C.P. 4**

Contrary to what Plaintiff's seem to believe, compliance with the requirements of Rule 4 is not optional. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984) ("But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored. This is particularly so when the means employed engenders the kind of confusion which the defendant's officers reasonably experienced here, leaving them without clear notice of the necessity to respond.") Indeed, pursuant to Rule 12(b)(5), a complaint should be dismissed as to any defendant for which there was insufficient service of process. *See Cent. Operating Co.*, 491 F.2d at 249.

It is black letter law that a summons containing all of the information set forth in Rule 4(a)(1) "must be issued for each defendant to be served." *See* Fed. R. Civ. P. 4(b). Further, in serving a defendant, a plaintiff must serve such a summons with the Complaint. *See* Fed. R. Civ.

5

P. 4(c)(1) ("A summons must be served with a copy of the complaint."). There is no dispute that the Complaint was sent to GWSK on December 14, 2023 (China Standard Time), **but not a summons**. Indeed, a **summons was never served on GWSK**. Accordingly, service of process was insufficient, and the Motion should be granted as a result.

### C. The Case Should be Dismissed Because of Insufficient Process Because No Summons was Served that Contained the Minimum Required Information

Finally, pursuant to Rule 12(b)(4), a complaint should be dismissed as to any defendant for which there was insufficient process. Insufficient process exists when the content of the required summons is defective. *See Chandler v. Maynard*, No. 3:22-CV-94-DJN, 2023 WL 3234318, at *2 (E.D. Va. May 3, 2023) (granting motion to dismiss where defendant "was not appropriately served" because "the summons here was defective.") Pursuant to Rule 4, "[a] summons **must**:"

> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

Fed. R. Civ. P. 4(a)(1) (emphasis added). Here, there was no summons, let alone one that contained any of the above information and the Motion should therefore be granted. Further, as discussed *supra*, to the extent Plaintiff asserts that its email to Mr. Hu somehow sufficed as a summons under the Rules, it is incorrect. Putting aside the informalities of the email (lack of signature by the clerk and the court's seal), no information was provided regarding the timing by which GWSK needed to appear or the potential consequence of default should it fail to do so. Accordingly, the Motion should be granted.

IV. **CONCLUSION**

This action is riddled with procedural deficiencies—some of which the Plaintiff readily admits. (*See* ECF No. 59 (Plaintiff acknowledging (i) misjoinder of *all* the defendants, (ii) lack of personal jurisdiction and improper venue as to *many* others, and (iii) that the TRO was sought based on *only one configuration* of accused products but was *applied across-the-board* to bar the sales of differently configured products).) The lack of notice prior to seeking a blanket TRO and the other procedural deficiencies may seem—to Plaintiff, at least—as practical and efficient shortcuts. But to GWSK and the other defendants, Plaintiff's deliberate and repeated failures to adhere to the Rules constitute a gross denial of due process.

For the reasons set forth herein, GWSK respectfully requests that the Court immediately dismiss this action as against Defendant GWSK.

DATED: January 3, 2024.    Respectfully submitted,
LAW OFFICES OF CRAIG C. REILLY, ESQ.
by Counsel

/s/ Craig C. Reilly
By: Craig C. Reilly
VSB #20942
LAW OFFICES OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, Virginia 22314
craig.reilly@ccreillylaw.com
Phone: 703-549-5354
Fax: 703-549-5355

*Of counsel:*
Brian N. Platt (*pro hac vice* to be filed)
Utah State Bar No. 17099
Kenneth J. Dyer (*pro hac vice* to be filed)
Cal. State Bar No. 191192
WORKMAN NYDEGGER
60 East South Temple Suite 1000
Salt Lake City, Utah 84111
Phone: (801) 533-9800
Fax: (801) 328-1707
bplatt@wnlaw.com
kdyer@wnlaw.com

*Attorneys for Guizhou Wei Shi Ke Ji You Xian Gong Si ("GWSK") dba Kovize*

8