UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC,<br>    *Plaintiff,*<br><br>    v.<br><br>THE PARTNERSHIPS, COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br>    *Defendants.* | Case Number 1:23-cv-1563 (MSN/LRV) |

## **ORDER**

This matter comes before the Court on Defendant OGERY Direct's Amended Motion to Dismiss for Failure to State a Claim and Insufficient Service of Process (ECF 233). Defendant OGERY Direct ("Ogery") argues that the claims against it should be dismissed because, as a foreign limited corporation organized under the People's Republic of China, it was not served in accordance with the Hague Convention. Alternatively, Ogery argues that even if service were proper, Plaintiff failed to state a claim for patent infringement.

Plaintiff properly served Ogery through e-mail pursuant to this Court's order. *See* ECF 14 ("Order"). Under Rule 4(f)(3), a foreign individual may be served "by other means not prohibited by international agreement, as the court orders." The Order specified that "Plaintiff may serve the complaint upon Defendants using the email addresses determined during the course of limited discovery." Order at 3. Ogery has not identified any provision in an international agreement that expressly prohibits service by e-mail to a Chinese company. *See Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) ("China's objection to service by postal mail

1

does not cover service by email.").[1] On February 16, 2024, pursuant to the Order, Plaintiff sent Ogery the complaint and summons through an e-mail address provided to Plaintiff by Amazon.com in response to Plaintiff's limited discovery request. ECF 233-3. Ogery then timely appeared in this case. Plaintiff has therefore properly served Ogery.

Plaintiff has also stated a direct patent infringement claim and an induced infringement claim against Ogery. At the motion to dismiss stage in a patent infringement case, a patentee "must ascertain exactly what claims should [be] alleged to be infringed and how they are infringed." *Macronix Int'l Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 803 (E.D. Va. 2014). Plaintiff's complaint identifies the claims at issue and alleges facts that plausibly establish infringement. *See* Compl. ¶¶ 26-31. Ogery takes issue with Plaintiff relying on an "exemplary Accused Product" in its complaint, arguing that this product "is significantly distinct from [Ogery's] product" because Ogery's product "does not practice at least one of the critical claim elements." ECF 233 at 12. Ogery's arguments, however, amount to a request for the Court to perform a fact-intensive claim construction determination to conclude that Ogery does not infringe, which is premature at this stage. Plaintiff's claims are facially plausible, which is enough for now. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Accordingly, it is hereby

**ORDERED** that Defendant OGERY Direct's Amended Motion to Dismiss (ECF 233) is **DENIED.**

---

[1] The Court is unpersuaded by Ogery's argument that *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017), undermines the rationale in *Sulzer*, or that it is has any bearing on this question. *Water Splash* held, after analyzing the text of the Hague Convention, that it does *not* prohibit service of process by *mail*. It does not consider the broader question of whether service methods that were not contemplated in the Convention are "prohibited by" the Convention. Fed. R. Civ. P. 4(f)(3).

2

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

April 10, 2024
Alexandria, Virginia